**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| GABRIEL CAMARENA,       § | | |
|     Petitioner,       § | | |
|         § | | |
| v.       § | | Civil Action No. 4:05-CV-752-Y |
|         § | | |
| DOUGLAS DRETKE, Director,       § | | |
| Texas Department of Criminal Justice,       § | | |
| Correctional Institutions Division,       § | | |
|     Respondent.       § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Gabriel Camarena, TDCJ-ID #1254499, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Fort Stockton, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In April 2003, Camarena was charged by indictment with possession of 400 grams or more

of cocaine with intent to distribute in Case No. 0852838A in the 371st District Court of Tarrant County, Texas. (State Habeas R. at 91.) On August 18, 2004, a jury found Camarena guilty of the offense, and the trial court assessed his punishment at fifteen years' confinement in accordance with an agreement with the state that Camarena waive motion to new trial and notice of appeal. (*Id.* at 90-91.) Camarena did not directly appeal his conviction. Camarena filed a state application for writ of habeas corpus raising one or more of the claims presented herein, which was denied by the Texas Court of Criminal Appeals without a hearing on the findings of the trial court. *Ex parte Camarena*, No. WR-62,860-01, at cover. Camarena filed this federal petition for writ of habeas corpus on December 27, 2005. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

D. ISSUES

In four grounds, Camarena raises the following claims–

(1) he was denied due process of law because the evidence is insufficient (ground one);

(2) he was denied effective assistance of counsel (grounds two and three); and

(3) his waiver of appeal was involuntary (ground four). (Petition at 7-8 and insert.)

E. RULE 5 STATEMENT

Dretke believes one or more of Camarena's claims are unexhausted and/or procedurally barred from federal habeas review. 28 U.S.C. § 2254(b)(1). (Resp't Answer at 4-11.)

2

F. DISCUSSION

1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *Id.* § 2254(d)(2), (e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The applicant bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

3

Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as here, it is an adjudication on the merits, which is entitled to this presumption. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### 2. Exhaustion/Procedural Default

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1)(A); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure in a procedurally proper manner. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Dretke asserts that Camarena's sufficiency-of-the-evidence claim under ground one, one or more of Camarena's ineffective assistance claims under grounds two and three, and Camarena's claim under ground four are unexhausted and/or procedurally barred from habeas review.

Under his first ground, Camarena claims he was denied due process of law because the evidence is insufficient to support his conviction. (Petition at 7.) Camarena argues that his

4

conviction cannot be had upon his accomplice's uncorroborated testimony at trial and that, without the accomplice's statement and testimony, there would have been no incriminating evidence against him, except for evidence that he was merely present during the drug transaction. (Pet'r Brief in Support at 16.) This claim was raised in Camarena's state habeas application. Under Texas law, however, a sufficiency-of-the-evidence claim is waived if not raised on direct appeal. *See Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). The state habeas court expressly relied upon this procedural default and concluded that Camarena had waived the claim. (State Habeas R. at 84.) This procedural default in state court is an adequate state procedural ground barring federal habeas review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-07 (1991).

Under grounds two and three, Camarena raises a laundry list of ineffective-assistance claims, including the allegation that counsel was ineffective for failing to object to the admission of state's Exhibit 14 (ground three).[1] Under ground four, Camarena claims his waiver of the right to appeal was coerced by counsel and was not made intelligently. (Pet'r Brief in Support at 32-35.) These claims were not raised in Camarena's state habeas application and, instead, are raised for the first time in this petition. Because the state courts were deprived of a fair opportunity to consider the merits of these claims, the claims are unexhausted for purposes of federal habeas review. *See Martinez v. Johnson*, 255 F.3d 229, 238 (5th Cir.2001); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir.1998). Assuming the unexhausted claims could have been raised on collateral review, under the Texas abuse-of-the-writ doctrine, Camarena cannot now return to the state courts for purposes

---

[1]Dretke also contends that Camarena's claim that counsel was ineffective by failing to object to admission of state's Exhibit 3 is unexhausted, however, the claim is raised in Camarena's memorandum of law in support of his state habeas application. (State Habeas R. at 44.)

5

of exhausting the unexhausted claims. The Texas abuse-of-the-writ doctrine prohibits a successive state habeas petition, absent a showing of cause, if the applicant urges grounds that could have been, but were not, raised in his first habeas petition. *See Ex parte Barber*, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994). This doctrine is an adequate state procedural bar for purposes of federal habeas review. *See Emery v. Johnson*, 139 F.3d 191, 195 (5th Cir. 1997); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997).

Federal habeas corpus relief is unavailable in the face of an adequate and independent state procedural default unless the petitioner can show either (1) cause for the default and actual prejudice, or (2) that the federal court's failure to consider the claim will result in a miscarriage of justice, i.e., that the petitioner is actually innocent of the crime or of the sentence imposed. *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Finley v. Johnson*, 243 F.3d 215, 219-20 (5th Cir. 2001). Absent a showing of cause and prejudice or a miscarriage of justice, such showing not having been demonstrated, Camarena's claims under ground one, ground three, in part, and ground four are procedurally barred from this court's review.

3. Ineffective Assistance

Camarena presents a laundry list of ineffective assistance claims. His primary complaints are construed as follows: counsel was ineffective because counsel (1) failed to independently investigate the facts and law applicable to the case, (2) failed to object to admission of his accomplice's written statement (state's Exhibit 3) into evidence, (3) failed to object to jury argument and jury instruction regarding the law of parties, (4) failed to pursue legitimate arguments and claims, and (5) cross-examined his accomplice regarding other drug deals that led to incriminating testimony on redirect. (Pet'r Brief in Support at 16-32.)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI; *Strickland*, 466 U.S. at 688. To establish ineffective assistance a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) the defense was prejudiced as a result. *Strickland*, 466 U.S. at 688. To prevail, he has the burden to demonstrate both deficient performance and prejudice. *Id.* at 687. The deficient-performance prong requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. If this first hurdle is cleared, the petitioner then has the burden to show that because of counsel's deficient performance there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is one sufficient to undermine confidence in the outcome of the proceeding. *Id.*

A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Strategic choices made by counsel after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Id.* at 690.

Where, as here, a petitioner's ineffective assistance claims have been reviewed on the merits under the *Strickland* standard and denied by the state's highest court, federal habeas relief will be granted only if the state court's decision was contrary to or involved an unreasonable application of *Strickland*, or if the state court's decision is based on an unreasonable determination of the facts in light of the evidence before the court. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*,

298 F.3d 375, 379-82 (5th Cir. 2002); *Foster v. Johnson*, 293 F.3d 766, 777 (5th Cir. 2002); *Santellan v. Dretke*, 271 F.3d 190, 198 (5th Cir. 2001). Under this standard, the state court's application of *Strickland* must be shown to be not only erroneous, but objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003).

After holding a hearing by affidavit on Camarena's ineffective-assistance claims, the state habeas court entered findings of fact refuting Camarena's allegations of ineffective assistance, concluded that Camarena had failed to prove that counsel's performance fell below an objective standard of reasonableness or that there was a reasonable probability that, but for the alleged acts of misconduct, the result of Camarena's trial would have been different, and the Texas Court of Criminal Appeals denied Camarena's state habeas application based on the habeas court's findings. (State Habeas R. at 61-88.) This court must afford the state court's factual findings the presumption of correctness unless the findings are rebutted by clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1).[2] The parties have not provided a copy of the reporter's record of the trial proceedings nor does Camarena specifically refer to the state court's findings and make an effort to rebut the presumptive correctness of the findings. Thus, the court must defer to those findings. 28 U.S.C. § 2254(e)(1). Based on the findings and an independent review of the state habeas record, the state courts' adjudication of Camarena's ineffective-assistance claims was neither erroneous nor objectively unreasonable.

---

[2]It is noted that the state habeas judge was not the same judge who presided over Camarena's trial. (State Habeas R., Clerk's Summary Sheet.) Nevertheless, the facts regarding Camarena's ineffective assistance claims were adequately developed in the affidavits presented in the state habeas proceeding, and the state habeas court was entitled to render factual determinations based solely on the affidavits. *See Carter v. Johnson*, 131 F.3d 452, 460 n.13 (5th Cir. 1997).

## II. RECOMMENDATION

Based on the foregoing discussion, Camarena's petition for writ of habeas corpus should be denied.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 1, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 1, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the

9

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 11, 2006.

      /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE